[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10841
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00187-ACC-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELFINO REYES-MIRANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 29, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Delfino Reyes-Miranda was convicted of illegally reentering the United

States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). The

district court sentenced Reyes-Miranda to 51 months imprisonment.  He challenges the procedural and substantive reasonableness of his sentence.

## I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  First, we must " 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.' "  Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).  If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances, "including the extent of any variance from the Guidelines range."  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable."  United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010); see also United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("After Booker, our ordinary expectation [of reasonableness] still has to be measured

against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both that record and the facts in section 3553(a).").

Reyes-Miranda contends that the district court committed procedural error by failing to adequately explain its 51-month, within the guidelines, sentence. We disagree. The district court explained that it was imposing that sentence to promote respect for the law because Reyes-Miranda's had been deported numerous times in the past and continued to illegally enter the United States. See 18 U.S.C. § 3553(a)(2)(A). The court further explained that it was imposing a 51-month sentence to discourage others from illegally entering this country. See id. § 3553(a)(2)(B). The court also stated, "After considering the advisory sentencing guidelines and all the factors identified in Title 18, United States Code Section 3553(a)(1) through 7, the Court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." The district court's explanation of its sentencing decision was sufficient. See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005).

Reyes-Miranda also challenges the substantive reasonableness of his sentence. He contends that his 51-month sentence is "greater than necessary," see 18 U.S.C. § 3553(a), to achieve the purposes of sentencing. It is his position that a

sentence below or at the low-end of the advisory guidelines range would have afforded adequate deterrence.  Given Reyes-Miranda's history of deportations, a 51-month, within the guidelines, sentence is not outside the range of reasonableness.  See Shaw, 560 F.3d at 1238.  The district court's sentencing decision was not an abuse of discretion.

   **AFFIRMED.**